UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KALVAN K. KALDOR, | ) |
| Plaintiff, | ) 3:10-CV-0529-LRH-RAM |
| v. | ) ORDER |
| HOWARD SKOLNIK; et al., | ) |
| Defendants. | ) |

Before the court is defendants' objection to the magistrate judge's order (Doc. #19[1]) denying their motion to strike (Doc. #13) plaintiff's jury demand (Doc. #9). Doc. #20.

**I.   Facts and Background**

This action was commenced in Nevada state court and removed by defendants on the basis of federal question jurisdiction. Doc. #1. At the time of removal, Kaldor had not filed a jury demand in state court.

On September 1, 2010, after removal, defendants filed an answer. Doc. #3. Three weeks later, on September 22, 2010, Kaldor filed a demand for jury trial. Doc. #9. Defendants filed a motion to strike the jury demand (Doc. #13) which was denied by the magistrate judge (Doc. #19). Thereafter, defendants filed the present objection to the magistrate judge's order. Doc. #20.

---

[1] Refers to the court's docket number.

## II. Discussion

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Here, defendants object to the magistrate's denial of their motion to strike plaintiff's jury demand as untimely under Rules 38(b) and 81(c)(3) of the Federal Rules of Civil Procedure.

The court has reviewed the pleadings and documents on file in this matter and finds that the magistrate's order is contrary to law. Generally, a party must make a jury demand "not later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1). In this instance, the last served pleading was defendants' answer filed and served on September 1, 2010. Thus, under Rule 38(b), Kaldor's jury demand was due on September 15, 2010, and his subsequent demand on September 22, 2010, is untimely.

However, exceptions to the 14 day time period apply in removal actions. Rule 81(c)(3) provides in full:

> (A) *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.
>
> (B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
> (i) it files a notice of removal; or
> (ii) it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3).

Here, the parties agree that the first sentence of subpart (A) and the entirety of subpart (B) are inapplicable because prior to removal Kaldor had not made a jury demand and defendants had not filed their answer. However, Kaldor argues that the second part of subsection (A) renders his

1  post-removal jury demand timely because he was not required to file a demand in Nevada until
2  right before trial. Under Nevada law, a jury demand may be filed anytime between commencement
3  of the action and entry of the order setting the case for trial. NEV. R. CIV. P. 38(b). Thus, Kaldor
4  argues that because an express jury demand was not yet required when defendants removed this
5  action, he was not required to make a jury demand within the 14 day requirement.

6      The court finds that Kaldor's argument is foreclosed by *Lewis v. Time Inc.*, 710 F.2d 539
7  (9th Cir. 1983). In *Lewis*, the Ninth Circuit held that California law required an "express demand"
8  for purposes of Rule 81(c)(3)(A) even though the applicable California statute provided that a party
9  does not waive trial by jury unless he fails to announce one is required when the case is first set for
10 trial. 710 F.2d at 556. Thus, under *Lewis*, the second sentence of Rule 81(c)(3)(A) is inapplicable if
11 state law requires an express demand for a jury trial, regardless of when the demand is required. *Id*.

12     Because Kaldor failed to file a jury demand prior to removal, and because Nevada law
13 requires an express jury demand to be filed, the provisions of Rule 81(c)(3) do not alter the
14 requirement that a jury demand be made in federal court within Rule 38(b)'s 14 day period. FED. R.
15 CIV. P. 38(b)(1); *Lewis*, 710 F.3d at 556. The court therefore finds that Kaldor's jury demand, filed
16 more than 14 days after defendants' answer, is untimely. Accordingly, the court shall reverse the
17 magistrate judge's order and strike Kaldor's jury demand.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

IT IS THEREFORE ORDERED that defendants' objection to the magistrate judge's order (Doc. #20) is GRANTED.

IT IS FURTHER ORDERED that the magistrate judge's order denying defendants' motion to strike (Doc. #19) is REVERSED.

IT IS FURTHER ORDERED that plaintiff's demand for a jury (#9) is STRICKEN as untimely.

IT IS SO ORDERED.

DATED this 27th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE