UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KALVAN K. KALDOR,

    Plaintiff,

v.

HOWARD SKOLNIK; et al.,

    Defendants.

3:10-cv-0529-LRH-RAM

ORDER

    Before the court is defendants Howard Skolnik ("Skolnik"), Don Helling ("Helling"), and the State of Nevada *ex rel.* the Department of Corrections' ("NDOC") (collectively "defendants") motion for summary judgment. Doc. #31.[1] Plaintiff Kalvan K. Kaldor ("Kaldor") filed an opposition (Doc. #34) to which defendants replied (Doc. #38).

**I.   Facts and Procedural History**

    In 1998, plaintiff Kaldor began employment with NDOC as a guard at Nevada State Prison ("NSP"). On April 24, 2010, Kaldor was involved in an incident with a coworker in which he allegedly made verbal threats toward a coworker and incited the coworker to fight. The incident was investigated and adjudicated by non-party Adam Watson, associate warden of NSP, who served Kaldor with a specificity of charges which recommended his dismissal from employment.

---

[1] Refers to the court's docket number.

The discipline recommendation was sustained after a pre-disciplinary hearing and Kaldor was terminated from employment on June 25, 2010. Doc. #31, Exhibit B. Kaldor filed an administrative appeal with the State of Nevada, Department of Personnel, but withdrew the appeal on September 22, 2010. Doc. #31, Exhibit A.

On July 16, 2010, Kaldor filed a complaint against defendants alleging two causes of action: (1) First Amendment retaliation; and (2) tortious discharge. Doc. #1, Exhibit B. Kaldor alleges that his termination was in retaliation for statements he made to the Interim Finance Committee regarding NSP budgetary problems and not the April 24, 2010 incident. *Id*. In response to the complaint, defendants filed the present motion for summary judgment arguing that Kaldor's complaint is barred by claim preclusion. Doc. #31.

## II.     Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

### III. Discussion

The issue before the court is whether the disciplinary proceeding taken by the NDOC precludes the present action. Defendants argue that claim preclusion bars Kaldor's present complaint because his claims are based on the same set of facts as his wrongful termination claim that was raised in his pre-disciplinary hearing. *See* Doc. #31.

"When a state agency 'acting in judicial capacity . . . resolves disputed issues of fact'" a federal court must give the agency's fact-finding preclusive effect. *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986). The Ninth Circuit has held that preclusion extends "to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness." *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994). The Nevada courts have adopted the "well-settled rule of law that res judicata may apply to administrative proceedings." *Britton v. City of North Las Vegas*, 799 P.2d 568, 692 (Nev. 1990).

The doctrine of res judicata precludes parties from relitigating a cause of action or an issue that has already been decided by a court. *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465,

3

473 (Nev. 1998). Res Judicata takes on two different forms: claim preclusion and issue preclusion. *Id.* Here, defendants argue that claim preclusion bars the present action.

"'Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated.'" *Holcombe*, 477 F.3d at 1097 (quoting *Allen v. McCurry*, 449 U.S. 90, 93 (1980)). Claim preclusion includes three elements: (1) is the issue identical; (2) was there a final judgment on the merits; and (3) was the same party in both actions. *Id.* at 1097-98. "[U]nder Nevada state law, claim preclusion acts to bar both claims that could have been asserted in the prior action and alternative grounds of recovery." *Id*. at 1098 (citing *Rosenthal v. Nevada*, 514 F.Supp. 907, 912 (D. Nev. 1981)). In Nevada, a claim "encompasses all claims that arise out of a single set of facts." *Id.* (citing *Firsching v. Ferrara*, 578 P.2d 321, 322 (Nev. 1978)).

In *Holcombe*, the Ninth Circuit addressed claim preclusion as it relates to an administrative action. In that case, a former state highway patrol employee was terminated after she was charged with forging two subpoenas. *Holcombe*, 477 F.3d at 1096. The employee appealed her termination and received an administrative hearing where she was represented by counsel, testified, presented evidence, cross-examined witnesses, and successfully excluded some evidence. *Id*. The hearing officer upheld the termination and the District Court for the State of Nevada affirmed. *Id*. A federal district court dismissed a subsequent action concluding that the state court's final judgment precluded § 1983 claims. *Id.*

In affirming the district court, the Ninth Circuit found that the facts supporting the employees' § 1983 claim and her challenges to her termination were the same. *Id*. at 1098. The Ninth Circuit further found that the employee likely "could have raised her First Amendment rights as a defense to her termination, arguing that her termination was pretextual." *Id*. at 1099. Because the facts supporting the employees' § 1983 action were the same as those related to the alleged wrongful termination and the employee could have raised those claims in the prior litigation, the

4

1  Ninth Circuit found that the employees' § 1983 claims were precluded under Nevada law. *Id.* at
2  1099-1100.
3     Initially, Kaldor argues that *Holcombe* is distinguishable from the case at bar because,
4  unlike this action, judicial review occurred. The court finds this distinction immaterial. The Ninth
5  Circuit has previously given preclusive effect to the unreviewed findings of a California
6  administrative tribunal. *Miller*, 39 F.3d at 1034-35. Further, Nevada law "holds that unreviewed
7  administrative determinations are binding and have preclusive effect." *Dias*, 436 F.3d at 1130;
8  *State, University & Community Coll. Sys. v. Sutton*, 103 P.3d 8, 16 (Nev. 2004). Thus, the fact that
9  Kaldor withdrew his appeal and did not seek judicial review does not affect whether the
10  disciplinary decision should be given preclusive effect.
11    Here, Kaldor has acknowledged that the same alleged adverse employment actions at issue
12  were subject to a pre-disciplinary hearing conducted by an associate warden of NSP and under the
13  guidelines of NDOC. Thus, like *Holcombe*, the facts supporting Kaldor's federal action and the
14  previous administrative hearing are the same. Therefore, Kaldor could have challenged his
15  termination on the grounds that such termination was retaliatory. His failure to raise such claims at
16  that time preclude him from having those claims adjudicated by this court. *See Holcombe*, 477 F.3d
17  at 1099-1100.
18    Additionally, the court notes that Kaldor could have raised his claims on judicial review
19  pursuant to Section 233B.135(3)(a) of the Nevada Revised Statutes. *See Holcombe*, 477 F.3d at
20  1099. The fact that Kaldor chose not to raise these issues at his administrative hearing does not
21  defeat claim preclusion. *See Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999) (stating that a
22  party's failure to raise a defense he had the right to raise in an administrative hearing does not
23  defeat application of res judicata). Accordingly, the court shall grant defendants' motion for
24  summary judgment.
25  ///
26

1       IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #31)
2  is GRANTED. The clerk of court shall enter judgment accordingly.
3       IT IS SO ORDERED.
4       DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE